Mr. Justice Walker delivered the opinion of the Court. This suit was instituted in the name of Robert Calvert, for the use of Solomon Lance, as guardian, &c., upon a no+e executed by the defendants, to Calvert, for one hundred and eighty dollars, (as expressed in the note,) for the hire of a negro boy Jim. The defendant, Bingham, craved oyer of the note, which was granted: whereupon, he filed bis demurrer for an alleged variance between the note as described in the declaration and that given on oyer. It is alleged, for variance, that the note is described in the declaration as being for valúe received, whilst that given-on oyer is simply for the hire of a slave. The pleader very properly only set forth so much of the contract as showed a legal cause of action against the defendant, and did not attempt to give literally the language used by the contracting, parti.es. The contract is set forth thus: “ Defendants promised to pay Robert Calvert one hundred and eighty dollars, on or by the first day of January, 1851, for value received, to wit:’ for the- hire of the negro Jim.” The words, “value received,” do not, in this connection, nor were they intended, to vary the contract or show á different or' other consideration than the hire of the slave. The- suit was properly brought by Robert Calvert in his own' right. The words, “ guardian of Martha E. Mims,” were, in this action, treated as words of personal description. Hemphill vs. Hamilton ad., 6 Eng. 425. The plaintiff did not declare fór a breach of so much of the contract as related to the clothing and the returning of the'slave, and therefore was not compelled to negative the furnishing of clothes and the return of the slave. He had a distinct and independent cause of action against the defendants for the f 180, the hire of the slave, and had a right to sue upon it, and did sue upon it, irrespective of the agreement to clothe and return the slavé at the end of the year. Fourth assignment of cause of demurrer is founded on a mis-' apprehension of the averments in the plaintiff’s declaration. The plaintiff sues in his own name for the use,&m: he sets forth h promise to himself, and avers a legal liability of the defendants to pay the plaintiff for the use, &c. Literally, by the terms of the contract, the defendants were bound to pay the plaintiff and whether others claimed the use and benefit of the recovery or net, is a question more properly between the plaintiff and" those'who claim the mere use and benefit than with the defendants. Their undertaking is complete, and they are called upon by one having, the legal right of action in himself to answer. These were objections properly disregarded by the court below; they are of that technical class calculated and are sometimes intended to prolong litigation and multiply costs and expense. They are not issues of law upon grounds affecting the substance or merits of a de-fence, but objections to the technical form of presenting the cause" of action, and should not be encouraged. The judgment of the circuit court must be affirmed, with costsv